UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

PONCE SUBWAY CORP.
d/b/a Subway on Ponce and
PONCE DE LEON PROPERTIES L.C.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Ponce Subway Corp. doing business as a Subway restaurant franchise located at 2211 Ponce de Leon Boulevard and Defendant Ponce De Leon Properties L.C. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" of compliance with the ADA/ADAAG.

5. Defendant Ponce Subway Corp. (also referenced as "Defendant Ponce," "operator," "lessee" or "co-Defendant") is a Florida for-profit corporation and a franchise operator of the Subway fast-food restaurant franchise located at 2211 Ponce de Leon Boulevard, Coral Gables, Florida 33134, which is the subject of this action.

6. Defendant Ponce De Leon Properties L.C. (also referenced as "Defendant Ponce Properties," "lessor," "owner," or "co-Defendant") is the owner of Folio 03-4108-007-2330, which represents real property located at 2211 Ponce de Leon Boulevard, Coral Gables, Florida 33134. Defendant Ponce Properties' real property is commercial property built-out as a Verizon retail store, the Chandler's Place restaurant a Gyros and Salads eatery, and as a Subway fast-food restaurant.

## FACTS

7. Defendant Ponce Properties leases a portion of its 2211 Ponce de Leon Boulevard real property to co-Defendant Ponce whom in turn operates its franchise Subway restaurant within that leased space.

8. At all times material hereto, Defendant Ponce has been leasing commercial space from Defendant Ponce Properties and has been utilizing that commercial space for the operation of its franchised Subway restaurant.

9. Defendant Ponce's franchised Subway restaurant serves food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) as "[A] restaurant, bar, or other establishment serving food or drink." The Subway restaurant which is the subject to this action is also referred to as "Subway (restaurant)," "Subway on Ponce," "restaurant," or "place of public accommodation."

10. Subway brand fast-food restaurants are franchised restaurants that primarily sell submarine sandwiches, salads and beverages. The Subway brand has been franchised since 1974. As of June 2021, Subway had approximately 41,600 locations in 104 countries and territories, all independently owned (franchised). These locations are largely concentrated in North America, with 21,796 in the United States, 2881 in Canada, and 758 in Mexico.

11. As the franchisee owner/operator of a Subway fast-food restaurant open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

12. As the owner of commercial property part of which is built out as a fast-food restaurant open to the general public, Defendant Ponce Properties is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

13. Due to the close proximity of the Subway restaurant to Plaintiff's home, on January 2, 2022 Plaintiff went to the restaurant with the intent of purchasing a subway sandwich meal.

14. Plaintiff had difficulty perambulating into the restaurant due to the weight of the entry door and met impediments to eating his meal in the outdoor seating area due to that seating area's non-compliance with the ADA. When Plaintiff had occasion to visit the restroom, Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

15. While Plaintiff had purchased a sandwich meal at the Subway restaurant, Plaintiff left feeling excluded, humiliated and dejected.

16. Plaintiff has been denied full and equal access by the operator of the Subway restaurant (Defendant Ponce) and by the owner of the commercial property which houses the restaurant (Defendant Ponce Properties).

17. On information and belief, as a franchise operator of a Subway restaurant, Defendant Ponce is well aware of the need to provide equal access to individuals with disabilities. Defendant Ponce's failure to reasonably accommodate individuals with disabilities at its franchised Subway restaurant is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

18. On information and belief, as an investor in commercial property, Defendant Ponce Properties is aware of the ADA and the need to provide for equal access within its commercial property. Therefore, Defendant Ponce Properties' failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

19. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator of that restaurant (Defendant Ponce) and by the owner of the commercial property which houses the restaurant (Defendant Ponce Properties).

20. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

21. Plaintiff is and has been a customer of Subway restaurants and continues to desire to return to the Subway restaurant located at 2211 Ponce de Leon Boulevard to purchase a meal, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

22. Any and all requisite notice has been provided.

23. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

24. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

25. Congress explicitly stated that the purpose of the ADA was to:

    (i)       provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)      provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

26. Prior to the filing of this lawsuit, Plaintiff personally visited the Subway restaurant located at 2211 Ponce de Leon Boulevard to purchase a meal; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access when seeking access to the restaurant's goods and services and when utilizing the restroom. Therefore, Plaintiff has suffered an injury in fact.

27. Defendant Ponce and Defendant Ponce Properties have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Subway restaurant located at 2211 Ponce de Leon Boulevard, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

28. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Subway restaurant located at 2211 Ponce de Leon Boulevard.

29. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

30. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

31. The commercial space which is owned by Defendant Ponce Properties houses a Subway restaurant franchise (operated by Defendant Ponce) which is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.* Both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Ponce (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff had difficulty using the main door without assistance, as the main door does not have a sloped surface with in the required maneuvering clearance of the door. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

ii. As to Defendant Ponce (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff had difficulty using the exterior seating (dining tables), as the restaurant dining did not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, Section 5.4 and 2020 ADA Standards for Accessible Design Section 902 (provision of accessible toe and knee clearance) and Section 226 (where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces comply with Section 902), which requires that all dining areas, including outdoor seating areas be accessible in clear floor/ground space, size and height.

iii. As to Defendant Ponce (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

iv. As to Defendant Ponce (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink which does not have completely wrapped bottom sink

      pipes, therefore there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

v. As to Defendant Ponce (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff could not use the soap dispenser without assistance, as the lavatory soap dispenser is not mounted in the required location in violation of 28 C.F.R. Part 36. The soap dispenser is not mounted in accordance with the forward reach guidelines delineated at Section 4.2.5 (Fig 5) of the ADAAG. This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap and towel dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

32. Pursuant to 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendants are required to make the Subway restaurant commercial space located at 2211 Ponce de Leon Boulevard accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

33. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the

restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the commercial property owner Defendant Ponce De Leon Properties L.C. and Defendant Ponce Subway Corp. (the operator of the Subway restaurant located within that commercial property) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Subway restaurant located at 2211 Ponce de Leon Boulevard such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 11th day of February 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*